Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Heather Young**, an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**Lets Bet AZ, Inc.**, a Colorado company; **Denver Sports Betting, LLC,** a Colorado company; and **Ryan Garcia,** a Colorado resident;<br><br>Defendants. | Case No.<br><br>**VERIFIED COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff Heather Young ("**Plaintiff**"), for her Verified Complaint against Defendants Lets Bet AZ, Inc.; Denver Sports Betting, LLC; and Ryan Garcia ("**Defendants**"), hereby alleges as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**" or "**AMWS**"); and failure to make timely payment of wages under the Arizona Wage

Statute, A.R.S. §§ 23-350 – 23-355 ("**Arizona Wage Statute**" or "**AWS**").

2.     This action is also brought to recover minimum wage compensation, liquidated damages, treble damages, and statutory penalties resulting from Defendants' violations of the FLSA and AMWS.

3.     This action is also brought to recover unpaid wages, treble damages, and statutory penalties resulting from Defendants' violations of the AWS.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

6.     Plaintiff was employed by Defendants in this District.

## PARTIES

7.     At all relevant times to the matters alleged herein, Plaintiff Heather Young resided in the District of Arizona.

8.     Plaintiff Heather Young was a full-time employee of Defendants from on or around October 2021, until on or around November 8, 2021.

9.     At all relevant times, Plaintiff Heather Young was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

10.    At all relevant times, Plaintiff Heather Young was an employee of Defendants as defined by A.R.S. § 23-362(A).

11.    At all relevant times, Heather Young was an employee of Defendant Lets Bet

AZ, Inc. as defined by A.R.S. § 23-350(2).

12. Defendant Lets Bet AZ, Inc. is a company authorized to do business in Arizona.

13. Defendant Lets Bet AZ, Inc. was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

14. Defendant Lets Bet AZ, Inc. was Plaintiff's employer as defined by A.R.S. § 23-362(B).

15. Defendant Lets Bet AZ, Inc. was Plaintiff's employer as defined by A.R.S. § 23-350(3).

16. At all relevant times, Heather Young was an employee of Defendant Denver Sports Betting, LLC as defined by A.R.S. § 23-350(2).

17. Defendant Denver Sports Betting, LLC is a company authorized to do business in Arizona.

18. Defendant Denver Sports Betting, LLC was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

19. Defendant Denver Sports Betting, LLC was Plaintiff's employer as defined by A.R.S. § 23-362(B).

20. Defendant Denver Sports Betting, LLC was Plaintiff's employer as defined by A.R.S. § 23-350(3).

21. Defendant Ryan Garcia is a Colorado resident.

22. Defendant Ryan Garcia has directly caused events to take place giving rise to this action.

23. Defendant Ryan Garcia is the President of Lets Bet AZ, Inc.

24. Defendant Ryan Garcia is a manager of Lets Bet AZ, Inc.

25. Defendant Ryan Garcia is an employer of Lets Bet AZ, Inc.

26. Defendant Ryan Garcia is a member of Lets Bet AZ, Inc..

27. Defendant Ryan Garcia is the owner of Denver Sports Betting, LLC.

28. Defendant Ryan Garcia is a manager of Denver Sports Betting, LLC.

29. Defendant Ryan Garcia is an employer of Denver Sports Betting, LLC.

30. Defendant Ryan Garcia is a member of Denver Sports Betting, LLC.

31. Defendant Ryan Garcia has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

32. Defendant Ryan Garcia has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-362(B).

33. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Ryan Garcia is an employer.

34. Defendant Ryan Garcia had to the authority to hire and fire employees.

35. Defendant Ryan Garcia had to the authority to hire and fire Plaintiff.

36. Defendant Ryan Garcia interviewed and hired Plaintiff Heather Young.

37. Defendant Ryan Garcia supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

38. Defendant Ryan Garcia instructed Plaintiff that she would work around 10 hours a week and as customers signed up, her hours would increase.

39. Defendant Ryan Garcia determined the rate and method of Plaintiff's payment of wages.

40. Defendant Ryan Garcia told Plaintiff that she would be paid $20 an hour.

41. As a person who acted in the interest of the previously identified corporate entities in relation to the company's employees, Defendant Ryan Garcia is subject to individual and personal liability under the FLSA.

42. Plaintiff further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

43. Defendants, and each of them, are sued in both their individual and corporate capacities.

44. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

45. Upon information and reasonable belief, Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had or will have annual gross sales of at least $500,000 in 2021.

46. At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

47. At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

48. Plaintiff, in her work for Defendants, regularly handled goods produced and transported in interstate commerce.

49. Plaintiff would communicate via telephone, email, and text message with Defendant Ryan Garcia.

50. Plaintiff is a covered employee under individual coverage.

51. Plaintiff is a covered employee under enterprise coverage.

**FACTUAL ALLEGATIONS**

52. The entity Defendants are sports betting companies.

53. On or around October 2021, Plaintiff Heather Young commenced employment with Defendants as a sales representative.

54. Plaintiff's primary job duties included calling bars and events to try and have them sign up for sports betting.

55. From on or around October 2021, to on or around November 8, 2021, Plaintiff Heather Young was supposed to be paid $20 an hour.

56. Plaintiff was a non-exempt employee.

57. Plaintiff has not been paid her final wages.

58. Plaintiff estimates she worked approximately 40 hours.

59. Plaintiff is owed approximately $800.

60. Defendants failed to properly compensate Plaintiff for all her hours worked.

61. Plaintiff, therefore, did not receive her FLSA minimum wage or Arizona minimum wage.

62. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due on her next paycheck.

63. Defendants refused and/or failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

64. Defendants failed to post and keep posted in a conspicuous place the required poster / notice explaining their employee rights under the FLSA pursuant to 29 C.F.R. § 516.4.

65. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COUNT I
## (FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)

66. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

67. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

68. Plaintiff was an employee entitled to the statutorily mandated minimum wage.

69. Defendants have intentionally failed and/or refused to pay Plaintiff's minimum wage according to the provisions of the FLSA.

70. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C. § 206.

71. In addition to the amount of unpaid minimum wages owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

72. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

73. Defendants knew Plaintiff was not being compensated full minimum wages for time worked.

74. Defendants knew their failure to pay minimum wage was a violation of the FLSA.

75. Defendants have not made a good faith effort to comply with the FLSA.

76. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT II
### (FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)

77. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

78. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

79. Defendants intentionally failed and/or refused to pay Plaintiff's full minimum wages according to the provisions of the Arizona Minimum Wage Statute.

80. In addition to the amount of unpaid minimum wage owed to Plaintiff, she is entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

81. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

## COUNT III
### (FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUTE) (ONLY AGAINST DEFENDANTS LETS BET AZ, INC. AND DENVER SPORTS BETTING, LLC)

82. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

83. At all relevant times, Plaintiff was employed by Defendants Lets Bet AZ, Inc. and Denver Sports Betting, LLC within the meaning of the Arizona Wage Statute.

84. Defendants Lets Bet AZ, Inc. and Denver Sports Betting, LLC were aware of their obligation to pay timely wages pursuant to A.R.S. § 23-351.

85. Defendants Lets Bet AZ, Inc. and Denver Sports Betting, LLC were aware that, under A.R.S. § 23-353, they were obligated to pay all wages due to Plaintiff.

86. Defendants Lets Bet AZ, Inc. and Denver Sports Betting, LLC failed to timely pay Plaintiff her wages due without a good faith basis for withholding the wages.

87. Defendants Lets Bet AZ, Inc. and Denver Sports Betting, LLC have willfully failed and refused to timely pay wages due to Plaintiff.

88. As a result of Defendants unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed the following acts:

  i. violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

  ii. willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

  iii. violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

  iv. willfully violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

  v. willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiff;

B. For the Court to award compensatory damages, including liquidated or

   double damages, and / or treble damages, to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364(g), and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court;

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

   RESPECTFULLY SUBMITTED November 30, 2021.

   **ZOLDAN LAW GROUP, PLLC**

   By: /s/ Jason Barrat
    5050 N. 40th St., Suite 260
    Phoenix, AZ 85018
    Attorneys for Plaintiff

**VERIFICATION**

Plaintiff Heather Young declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and as to those matters, she believes them to be true.

_____
Heather Young